UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY SEGIELSKI PHOTOGRAPHY, INC.,

      Plaintiff,

v.                                              Case No. 10-11985
                                             Honorable Patrick J. Duggan

JOHNNY'S LUNCH LLC, JOHNNY'S
LUNCH FRANCHISE LLC, and
JOHNNY'S LUNCH MANAGEMENT LLC,

      Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 7, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

When a case begins as this one has, the Court becomes concerned that needless, contentious litigation and frivolous disputes will follow.

**Procedural Background**

Tony Segielski Photography, Inc. ("Plaintiff") filed this lawsuit against Johnny's Lunch LLC on May 17, 2010. Plaintiff filed an amended complaint on May 24, 2010, continuing to name Johnny's Lunch LLC as a defendant but adding Johnny's Lunch Franchise LLC and Johnny's Lunch Management LLC (collectively "Defendants"). Defendants were properly served with a summons and a copy of the amended complaint

on May 26, 2010.[1] (Doc. 17 Ex. 3.) When Defendants failed to file an answer to the amended complaint by June 17, 2010, the day after their answer was due, Plaintiff filed a request for a clerk's entry of default. A clerk's entry of default was entered the same day. (Doc. 10.)

Also on June 17, Plaintiffs filed a motion for default judgment against Defendants. One day later, June 18, 2010, Defendants filed a "motion to vacate judgment" pursuant to Federal Rules of Civil Procure 55(c) and 60(b).[2] Defendants' motion has been fully briefed and is presently before the Court. On June 18, Defendants also filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's response to Defendants' motion to dismiss is not yet due. Finally, on July 1, 2010, Defendants moved for more time to respond to Plaintiffs' motion for default judgment.

## Discussion

Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default for good cause. In determining whether to set aside an entry of default, a court

---

[1] Plaintiff's process server states in an affidavit that he personally served Anthony Calamunci, Defendants' attorney and registered agent, on May 26, 2010. (Doc. 17 Ex. 3 ¶ 9.) Defendants dispute this, contending that the process server only left the summons and a copy of the amended complaint at Mr. Calamunci's office. Defendants, however, fail to present evidence to support their assertion.

[2] While Defendants seek to vacate a "judgment" in their motion, no judgment has been entered in this case. Only a clerk's entry of default was entered. Plaintiff has moved for a judgment based on Defendants' default but that motion has not been decided. Despite the title of their motion, however, Defendants also ask the Court to set aside the entry of default.

should consider the following three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). "To be treated as culpable, the conduct of a defendant must display either an attempt to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 194 (6th Cir. 1986). Federal courts strongly favor decisions on the merits. *See Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990). Moreover, the Sixth Circuit has held that it is an abuse of discretion for a district court to deny a motion to set aside an entry of default when the first two factors militate in favor of setting aside the entry in the absence of a willful failure of the moving party to appear and plead. *Shepard Claims Serv., Inc.*, 796 F.2d at 194.

There is no indication that Plaintiff is prejudiced by Defendants' filing of their response to the amended complaint two days after such response was due. In the motion to dismiss, Defendants set forth a meritorious defense to Plaintiff's claims. For these reasons alone, the Court finds it necessary to set aside the clerk's entry of default. *Shepard Claims Serv., Inc., supra*. Additionally, however, the Court cannot find that the default was the result of Defendants' willful or culpable conduct. Plaintiff contends that Defendants, through its counsel and registered agent Anthony Calamunci, evaded service. The e-mails attached to Plaintiff's response, however, do not clearly evidence an intent by Mr. Calamunci to evade service. As the Sixth Circuit found in *Shepard Claims Services*,

3

where an appearance and responsive pleading were filed shortly after the default had been entered and there was no pattern of disregard for court orders or rules, "the strong policy in favor of deciding cases on their merits outweighs any inconvenience to the court or [the plaintiff] resulting from the relatively short delay in answering." 796 F.2d at 194.

## Conclusion

For the above reasons, the Court is setting aside the clerk's entry of default. Plaintiff's motion for default judgment and Defendants' motion for an extension of time to respond that motion therefore are moot.

Accordingly,

**IT IS ORDERED**, that Defendants' motion to set aside the clerk's entry of default (Doc. 14) is **GRANTED**;

**IT IS FURTHER ORDERED**, that Plaintiff's motion for default judgment (Doc. 11) and Defendants' motion for an extension of time to respond to the motion (Doc. 18) are **DENIED AS MOOT**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Daniel P. Dalton, Esq.
Anthony J. Calamunci, Esq.